IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| MAHALA COX, | ) |
| | ) |
| Plaintiff, | ) NO. _____ |
| | ) |
| vs. | ) |
| | ) |
| WARREN COUNTY, IOWA; | ) |
| WARREN COUNTY EMERGENCY | ) |
| MANAGEMENT AGENCY; WARREN | ) COMPLAINT AND JURY DEMAND |
| COUNTY E-911 JOINT SERVICE | ) |
| BOARD; WARREN COUNTY | ) |
| EMERGENCY MANAGEMENT | ) |
| COMMISSION; DEAN YORDI, | ) |
| Individually, | ) |
| | ) |
| Defendants. | ) |

## INTRODUCTION

1.  Plaintiff Cox alleges that Defendants discriminated against her and subjected to her to harassment based upon her age in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.*, and the Iowa Civil Rights Act, Iowa Code § 216, for which she seeks a jury trial and all relief available to her under the law and within the power of the court in order to make her whole and to fully and completely redress the unlawful employment practices to which she was subjected.

2.  Plaintiff Cox further alleges that Defendants discriminated against her based on her disability and retaliated against her in violation of the Americans with Disabilities Act, as amended, 42 U.S.C. §§ 12111, *et seq.*, and the Iowa Civil Rights Act, Iowa Code § 216, for which she seeks a jury trial and all relief available to her under the law and within the power of the court in order to make her whole and to fully and completely redress the unlawful employment practices to which she was subjected.

3. Plaintiff Cox further alleges that Defendants regarded her as disabled, discriminated against her based upon said perceived disability and retaliated against her in violation of the Americans with Disabilities Act, as amended, 42 U.S.C. §§ 12111, *et seq.*, and the Iowa Civil Rights Act, Iowa Code § 216, for which she seeks a jury trial and all relief available to her under the law and within the power of the court in order to make her whole and to fully and completely redress the unlawful employment practices to which she was subjected.

4. Plaintiff Cox further alleges that Defendants discriminated against her based upon her sex and retaliated against her in violation of 42 U.S.C. § 2000e, et seq. and Iowa Code Chapter 216, for which she seeks a jury trial and all relief available to her under the law and within the power of the court in order to make her whole and to fully and completely redress the unlawful employment practices to which she was subjected.

5. Plaintiff Cox further alleges that Defendants' conduct constituted intersectional discrimination based on two or more of her protected classes or two or more of her protected activities, for which she seeks a jury trial and all relief available to her under the law and within the power of the court in order to make her whole and to fully and completely redress the unlawful employment practices to which she was subjected.

## PARTIES

6. Plaintiff Cox is an individual residing in Indianola, Warren County, Iowa, who was formerly employed by Defendants at its Indianola facilities.

7. Defendant Warren County, Iowa ("Warren County") is an Iowa municipality pursuant to Iowa Code Chapter 670, operating and conducting business in Warren County Iowa.

8. Defendant Warren County Emergency Management Agency ("Emergency Management") is an agency created, funded, staffed, and overseen by Defendant Warren County, pursuant to Iowa Code Chapter 670.

9. Defendant Warren County E-911 Joint Service Board ("E-911 Board") is a governing body pursuant to Iowa Code Chapter 670, operating and conducting business in Warren County, Iowa.

10. Defendant Warren County Emergency Management Commission ("Commission") is a governing body pursuant to Iowa Code Chapter 670, operating and conducting business in Warren County, Iowa.

11. Defendant Dean Yordi ("Yordi") is an individual residing in Warren County, Iowa and was at all times relevant hereto an officer of Defendant Warren County pursuant to Iowa Code Chapter 670.

## JURISDICTION, VENUE AND PROCEDURAL REQUIREMENTS

12. This court has subject matter jurisdiction over the federal claims in this action pursuant to 28 U.S.C. § 1331.

13. This court has supplemental jurisdiction over the state claims in this action pursuant to 28 U.S.C. § 1367(a).

14. Venue for this action is proper in the Southern District of Iowa, Central Division, pursuant to 28 U.S.C. § 1391(b)-(c).

15. Cox filed timely charges with the Iowa Civil Rights Commission that were cross-filed with the Equal Employment Opportunity Commission for discrimination, harassment and retaliation based upon disability, perceived disability, age and sex.

16. Plaintiff Cox has exhausted her administrative remedies and the right-to-sue letters from the Iowa Civil Rights Commission are attached hereto and this action is being filed within 90 days of the issuance of the right-to-sue letter.

## FACTUAL ALLEGATIONS

17. Cox's date of birth is September 6, 1953 and at all pertinent times Cox was in excess of forty (40) years of age.

18. Cox was employed by Defendants as a full-time employee at its Indianola, Iowa facilities from on or about November 9, 1998 to July 1, 2013.

19. At all times pertinent to this action, Warren County had between 201 and 500 employees and more than 50 employees within seventy-five miles of its Indianola, Iowa location for more than twenty calendar weeks.

20. Cox suffers from a disability, i.e. chronic pain that is managed with medication. Cox has received medical treatment for the condition. Cox's condition constitute a serious health condition requiring continuing treatment by a medical professional.

21. From November 9, 1998 until March 2, 2012, Cox worked as Coordinator/Director of the Warren County Emergency Management Agency without incident.

22. On March 2, 2012, Cox was without warning or explanation placed on paid administrative leave and was told that she would be forced to remain on leave until she provided her confidential medical records to Defendant Dean Yordi and Defendant E-911 Board.

23. Plaintiff Cox did not request to be put on leave or request any accommodation, nor did her physicians advise that any was necessary and she was at all times ready, willing and able to perform her job duties.

24. Plaintiff Cox offered to submit to a fitness for duty examination and/or provide letters from her treating physicians regarding her fitness for duty pursuant to Warren County personnel policies on several occasions.

25. Plaintiff Cox on several occasions complained about "Yordi's" attempt to force her to turn over her confidential medical records and refused to turn them over.

26. Plaintiff Cox was informed by "Yordi" that she would be placed on unpaid leave/suspension status as of April 10, 2012 if she did not produce the records that "Yordi" had requested.

27. Plaintiff Cox reported for work on April 10, 2012 and after she had been at work for approximately one-half hour, "Yordi" and Warren County Sheriff Jim Lee came to her desk and told her that she was being placed on unpaid leave/suspension and that she had to leave.

28. Eventually, Warren County and "Yordi" advised that they would accept letters from Plaintiff Cox's treating physicians, in lieu of the actual confidential medical records previously demanded and said letters were provided.

29. Plaintiff Cox was subsequently advised that she would be taken off suspension/unpaid leave and put back on paid administrative leave beginning on May 9, 2012 and that she should return to work on May 14, 2012.

30. On May 14, 2012, Plaintiff Cox returned to work and she delivered a letter to "Yordi" wherein she requested reinstatement of the leave time that she was forced to use while on unpaid leave/suspension and Plaintiff never responded to this request and Plaintiff to date has not been compensated for this earned leave and was not paid for this leave time when her employment ended with Warren County pursuant to Warren County policy.

31. On May 14, 2012, "Yordi" told Plaintiff Cox that he wanted Cox to submit a proposal for separation of her employment from Warren County.

32. On May 17, 2012, Plaintiff Cox received a phone call from "Yordi" asking Plaintiff Cox when "Yordi" might expect the information on a possible separation package that "Yordi" had requested.

33. On May 21, 2012, "Yordi" again asked Plaintiff Cox when "Yordi" might expect the information on a possible separate package that "Yordi" wanted submitted to him.

34. On May 23, 2012, Plaintiff Cox filed a complaint with the Iowa Civil Rights Commission alleging that the Defendants were discriminating against her based upon a perceived disability or disability and that the Defendants were retaliating against her for complaining about the discrimination and the unlawful demands for copies of her confidential medical records by being forced onto paid administrative leave; then forced onto suspension/unpaid leave; being forced to use leave time that she wouldn't have used otherwise; not being permitted to return to work when she was ready, willing and able to do so; and being forced to submit a separation of employment proposal, when all she wanted to do was continue working in her current position.

35. On October 16, 2012, Warren County's attorney, Hugh Cain, contacted Plaintiff Cox's doctor asking whether Plaintiff Cox needed accommodations and what accommodocations Plaintiff Cox would need to do her job – in this letter it was acknowledged by Mr. Cain that this same physician had previously stated that Plaintiff Cox needed no such accommodations.

36. At the time of the October 16, 2012 letter, Plaintiff Cox had again been placed on paid administrative leave that was supposed to last until November 2, 2012. This leave was subsequently extended by Warren County to November 20, 2012 and this leave ultimately extended through the month of December 2012.

37. Plaintiff Cox was finally told by Warren County that she could return to work on January 2, 2013.

38. None of this leave was medically necessary and Plaintiff was forced onto this leave as a means to continue to discriminate against Plaintiff Cox and in retaliation for the Plaintiff filing her complaint with the Iowa Civil Rights Commission.

39. On February 26, 2013, a report of recommendations of the by-laws and job description committee was put forth with a recommendation that the Plaintiff's position of Coordinator/Director be eliminated and that one person would handle the Emergency Management Agency duties and that one person would handle E-911 duties.

40. On February 26, 2013 there were three people, including the Plaintiff in the office that handled duties for both areas – the committee recommendation was adopted and, as a result the three current employees would have to reapply for the newly separated positions and salary adjustments were to be made and no outside individuals were allowed to apply for the two positions. This changes was set to be effective July 1, 2013.

41. Plaintiff applied for and was interviewed for each of the newly separated positions.

42. Plaintiff was not hired for either position. Instead, the two younger men, with less experience, who previously were Plaintiff's subordinates and who had been hired and trained by Plaintiff were hired for the positions. Neither of the men hired for the position were disabled or perceived as disabled.

43. Plaintiff's last day of work at Warren County was on or about July 1, 2013.

44. Plaintiff planned to work until she reached the age of 67 years old.

45. The Defendants failed to follow their policies and work rules.

46. Cox's termination from her employment with the Defendants and the Defendants' failure to hire Plaintiff for the newly separated positions were each adverse employment actions.

47. When the Plaintiff was abruptly forced onto paid leave and then subsequently onto unpaid leave/suspension, the Defendants refused to engage in the interactive process to determine what, if any reasonable accommodations Cox would need to perform the essential functions of her job – rather the Defendants arbitrarily demanded that Cox produce copies of her confidential medical records, and they only stepped back from this bullying position when she obtained representation of counsel.

48. The Defendants regarded Cox as disabled and unable to perform her job.

## COUNT I

## DISCRIMINATION BASED ON AGE

(Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.*, and the Iowa Civil Rights Act, Iowa Code § 216)

49. Plaintiff Cox realleges Paragraphs 1 - 48 as though fully set forth herein.

50. At all times pertinent to this litigation, Cox was more than forty years old and as such, she was protected from discrimination in employment based solely on her age by the Age Discrimination in Employment Act as well as the Iowa Civil Rights Act.

51. Cox was qualified to perform her job at Warren County.

52. Cox was subjected to adverse employment actions, discrimination and harassment based upon her age and she was retaliated against for complaining about said treatment.

53. Any non-discriminatory reasons asserted by Defendants for the adverse employment actions are a pretext for age discrimination by Defendants.

54. Cox has been damaged by the age discrimination of Defendants.

55. Defendants' actions were willful and wanton in disregard of the rights of Cox, warranting punitive damages.

## COUNT II

### DISCRIMINATION BASED ON DISABILITY

(Americans with Disabilities Act, as amended, *et seq.*, and

the Iowa Civil Rights Act, Iowa Code § 216)

56. Plaintiff Cox realleges Paragraphs 1 - 55 as though fully set forth herein.

57. Cox's medical condition, i.e., chronic pain managed by medication, substantially affect a major life activity and, as such, she was protected from discrimination and harassment in employment based upon her disability by the Americans with Disabilities Act, as well as the Iowa Civil Rights Act.

58. Cox was qualified to perform her job at Warren County.

59. Cox was subjected to termination, discrimination and harassment based upon her disability and was retaliated against for complaining about said treatment.

60. Defendants regarded Cox as disabled and discriminated against her and subjected to her to harassment based upon the perceived disability and retaliated against her for complaining about said treatment.

61. Any non-discriminatory reasons asserted by Defendants for the adverse employment actions are a pretext for disability discrimination by Defendants.

62. Cox has been damaged by the disability discrimination of Defendants.

63. Defendants' actions were willful and wanton in disregard of the rights of Cox, warranting punitive damages.

## COUNT III

## DISCRIMINATION BASED ON SEX

(42 U.S.C. § 2000e, et seq. and the Iowa Civil Rights Act, Iowa Code § 216)

64. Plaintiff Cox realleges Paragraphs 1 - 63 as though fully set forth herein.

65. At all times pertinent to this litigation, Cox was a female and as such, she was protected from discrimination in employment based solely on her sex by 42 U.S.C. § 2000e, et seq. as well as the Iowa Civil Rights Act.

66. Cox was qualified to perform her job at Warren County.

67. Cox was subjected to adverse employment actions, discrimination and harassment based upon her sex and she was retaliated against for complaining about said treatment.

68. Any non-discriminatory reasons asserted by Defendants for the adverse employment actions are a pretext for sex discrimination by Defendants.

69. Cox has been damaged by the sex discrimination of Defendants.

70. Defendants' actions were willful and wanton in disregard of the rights of Cox, warranting punitive damages.

## COUNT IV

## BREACH OF IOWA WAGE PAYMENT COLLECTION LAW

(Iowa Code Chapter 91A)

71. Plaintiff Cox realleges Paragraphs 1 - 76 as though fully set forth herein.

72. Plaintiff has earned paid time off during her employment with Defendants for which she was not paid when her employment with Defendants ended pursuant to Defendants' policies, all of which is due and owing.

73. Defendant's failure to pay these amounts of wages/benefits owing is intentional.

74. Plaintiff is entitled to an award of attorney's fees for the Defendants' violation of the Wage Payment Collection Law, as well as other special damages set forth in the statute.

## COUNT V
### INTERSECTIONAL DISCRIMINATION

75. Plaintiff Cox realleges Paragraphs 1 - 74 as though fully set forth herein.

76. Cox is a member of more than one protected class.

77. Cox engaged in more than one protected activity while employed by the Defendants.

78. Cox was qualified and able to perform her job at Warren County.

79. Cox was subjected to adverse employment decisions based on the intersection, or combination, of two or more of her protected classes (e.g., age, sex and disability) or two or more of her protected activities (e.g., refusing to turn over copies of confidential medical records and filing a complaint with the Iowa Civil Rights Commission).

80. Cox has been damaged by Defendants' intersectional discrimination.

## RELIEF SOUGHT

WHEREFORE, Plaintiff Cox respectfully requests that the court enter judgment in her favor and award the following relief:

A. A declaration that Defendants discriminated against Plaintiff Cox based on her age in violation of state and federal law.

B. A declaration that Defendants discriminated against Plaintiff Cox based on her disability in violation of state and federal law.

C. A declaration that Defendants discriminated against Plaintiff Cox based upon perceived disability in violation of state and federal law.

D. A declaration that Defendants discriminated against Plaintiff Cox based upon her sex in violation of state and federal law.

E. A declaration that Defendants' owe Plaintiff for the paid leave for which she was not paid when her employment with Defendants ended.

F. A declaration that Defendants' conduct toward Plaintiff Cox constituted intersectional discrimination based on a combination of two or more of her protected classes or two or more of her protected activities.

G. An award of damages equal to back pay and benefits lost by Plaintiff Cox.

H. An award of compensatory damages, including damages for Plaintiff Cox's past and future medical expenses and emotional distress, and under Iowa Code Chapter 91A.

I. An award of front pay and benefits for Plaintiff Cox.

J. An award of liquidated damages for any damages awarded under the ADEA and Iowa Code Chapter 91A.

K. An award of punitive damages for damages awarded under the ADA, federal civil rights laws and Iowa common law regarding wrongful termination and Iowa Code Chapter 91A.

L. An award for the costs of this action and Plaintiff Cox's reasonable attorneys' fees.

M. An award of pre-judgment interest, as allowed by law.

N. Such other and further monetary and equitable relief as the court deems just and proper under the circumstances.

## JURY DEMAND

Plaintiff Cox hereby demands trial by jury on all claims raised to the extent allowed by law.

Submitted this 7th day of April, 2014.

/s/ *Gary W. Kendell*
GARY W. KENDELL,  AT#0004203
OF KENDELL LAW FIRM, P.L.C.
4515 Fleur Drive, Suite 201
Des Moines, Iowa  50321
Telephone:  (515) 287-2323
Fax:  (515) 287-2944
gary@kendelllawfirm.com
ATTORNEY FOR PLAINTIFF