# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| MAHALA COX, <br><br> Plaintiff, <br><br> vs. <br><br> WARREN COUNTY, IOWA; <br> WARREN COUNTY EMERGENCY <br> MANAGEMENT AGENCY; <br> WARREN COUNTY E911 JOINT <br> SERVICE BOARD; <br> WARREN COUNTY EMERGENCY <br> MANAGEMENT COMMISSION; <br> DEAN YORDI, INDIVIDUALLY, <br><br> Defendants. | No. 4:14-cv-00139-JAJ <br><br> **ORDER** |

Plaintiff, Mahala Cox, brought this action on April 7, 2014 alleging Defendants discriminated against her based on her age, disability, perceived disability, and sex, in violation of the Age Discrimination in Employment Act ("ADEA"), the Iowa Civil Rights Act ("ICRA"), the Americans with Disabilities Act ("ADA"), and Title VII of the Civil Rights Act of 1964 ("Title VII"). [Dkt. No. 1]. Plaintiff's complaint also included a claim under the Iowa Wage Payment Collection law ("IWPC"). *Id.*

This matter comes before the Court pursuant to Defendants' April 27, 2015 motion for summary judgment under Federal Rule of Civil Procedure 56. [Dkt. No. 27]. Plaintiff responded to this motion on June 18, 2015. [Dkt. No. 35]. Defendants filed their final reply on July 10, 2015. [Dkt. No. 41]. In motioning for summary judgment, Defendants argue that Warren County was not Plaintiff's employer and that neither the Warren County Emergency Management Commission, the Warren County Emergency Management Agency, nor the Warren County E911 Joint Service Board employ a sufficient number of employees to be covered by the ADEA, the ICRA, the ADA, and Title VII. Defendants also argue that Dean Yordi was not Plaintiff's employer, and in the alternative, that supervisors are not liable under the ICRA when the employer

does not employ the required number of employees. Finally, Defendants argue that Plaintiff's claim under the IWPC should be dismissed for lack of supplemental jurisdiction if summary judgment is granted in favor of Defendants on all other claims. In part, Plaintiff resisted Defendants' motion for summary judgment claiming that additional discovery was needed to fully resist the motion pursuant to Federal Rule of Civil Procedure 56(d). Plaintiff also resisted on the grounds that genuine issues of material fact existed as to whether Defendants could be considered the integrated or joint employer of Plaintiff.

## I. STATEMENT OF UNDISPUTED FACTS

Plaintiff was hired as the Coordinator of the Warren County Emergency Management Commission in 1998 and served there until June 30, 2013. Plaintiff also served as the Director of the Warren County E911 Joint Service Board. The Warren County Emergency Management Commission ("Commission") was created pursuant to Iowa Code § 29C.9(2). The purpose of the Commission is to provide local emergency management services to Warren County and its citizens. The Commission has 18 voting members, and only two members of the Commission are affiliated with Warren County: the sheriff and one member of the Warren County Board of Supervisors. The Commission uses the name Warren County Emergency Management Agency ("Agency"). The Warren County E911 Joint Service Board ("Board") was created pursuant to Iowa Code § 34A.3(1)(a). The purpose of the Board is to implement and manage an enhanced 911 telephone system in Warren County.

To apply for the positions she held with the Commission and the Board, Plaintiff completed a Warren County Application for Employment. Once employed in both positions, Plaintiff was afforded several benefits, including coverage under Warren County's workers' compensation insurance, group health insurance, and group disability insurance. Additionally, Plaintiff was eligible to participate in Warren County's 457 retirement plan and she also had an Iowa Public Employees Retirement account, which listed Warren County as her employer.

Throughout Plaintiff's employment with the Commission and the Board, both organizations were listed as Warren County Departments on Warren County's webpage. The Commission and the Board received several forms of technical support from Warren County including: Warren County network email accounts, websites, and phone systems, all without charge. Moreover, Warren County provided facilities to the Commission and the Board including private office space. The Commission and the Board were also granted access to conference

rooms, break rooms, and restrooms shared between Warren County departments. During her tenure, Plaintiff was required to attend the Warren County Board of Supervisors' budget meetings where the budgets for the Commission and the Board were discussed.

Dean Yordi was elected to the Warren County Board of Supervisors, and through that position, he served on the Board. Yordi was not an employee of the Commission or the Board. During Plaintiff's employment with the Commission and the Board, Yordi requested that she provide him with her medical records, and she refused. Yordi subsequently placed her on unpaid leave and she was told she would remain on unpaid leave until she provided Yordi with her medical records. Yordi subsequently accepted letters from Plaintiff's treating physicians instead of her medical records. At that point, Plaintiff was told she would be taken off unpaid leave and placed back on paid administrative leave for the five days remaining until she returned to work. Although he told Plaintiff she was being placed on paid administrative leave, Yordi instructed the Warren County Auditor's payroll staff to use Plaintiff's paid vacation leave rather than paid administrative leave.

## II. LEGAL STANDARD FOR SUMMARY JUDGMENT

Federal Rule of Civil Procedure 56 provides that a "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see also Med. Liab. Mut. Ins. Co. v. Alan Curtis L.L.C.*, 519 F.3d 466, 471 (8th Cir. 2008); *Kountze ex rel. Hitchcock Found. v. Gaines*, 536 F.3d 813, 817 (8th Cir. 2008) ("[S]ummary judgment is appropriate where the pleadings, discovery materials, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to summary judgment as a matter of law."). In making this determination, the Court must examine the evidence in the light most favorable to the nonmoving party. *See HDC Med., Inc. v. Minntech Corp.*, 474 F.3d 543, 546 (8th Cir. 2007).

To survive a motion for summary judgment, a plaintiff must "set out specific facts showing a genuine issue for trial." FED. R. CIV. P. 56(e). "[A]n issue of material fact is genuine if the evidence is sufficient to allow a reasonable jury verdict for the nonmoving party." *Great Plains Real Estate Dev., L.L.C. v. Union Cent. Life Ins. et al.*, 536 F.3d 939, 944 (8th Cir. 2008) (citation omitted). "A genuine issue of fact is material if it 'might affect the outcome of the suit under the governing law.'" *Saffels v. Rice*, 40 F.3d 1546, 1550 (8th Cir. 1994) (citation omitted). "'[T]he substantive law will identify which facts are material.'" *Guinan v. Boehringer Ingelheim*

*Vetmedica, Inc.*, 803 F. Supp. 2d 984, 993 (N.D. Iowa 2011) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252.

### III. ANALYSIS

The parties dispute whether Warren County was Plaintiff's employer. In their motion for summary judgment, Defendants argue that Warren County was not Plaintiff's employer. In response, Plaintiff contends that while she was employed by the Commission and the Board, Warren County was also her employer under either a joint or integrated employer theory. Defendants also moved for summary judgment in favor of the Commission, the Agency, and the Board claiming each of the organizations employs an insufficient number of employees to be covered by Title VII, the ADEA, the ADA, or the ICRA. Lastly, Defendants move for summary judgment in favor of Dean Yordi, claiming that he was not Plaintiff's employer, and also that supervisors are not liable under the ICRA when the employer is too small to be subject to the law. The parties also dispute whether Plaintiff's request for discovery should be granted. Defendants allege that the issues in their motion can be determined as a matter of law without further discovery. Plaintiff asserts that she has not been allowed any discovery, and that discovery is needed to develop the evidentiary record beyond her own personal knowledge as presented in her affidavit.

**A. Iowa Law Establishing the Commission, the Agency, and the Board**

Local emergency management commissions, like the Warren County Emergency Management Commission, are established by the Iowa Legislature. IOWA CODE § 29C.9(1). The Commission is codified as a municipality under Iowa law. *Id.* at § 29C.9(4). The Commission is to be comprised of "a member of the board of supervisors, the sheriff, and the mayor from each city within the county." *Id.* at § 29C.9(2). Additionally, the Commission is to "appoint a local emergency management coordinator who shall serve at the pleasure of the commission." IOWA ADMIN. CODE r. 605-7.4(1). Commission personnel, "including the coordinator, operations officers, and emergency management assistants" are to be considered employees of the Commission. *Id.* at r. 605-7.5(1). The Commission determines its own policies, including "holidays, rate of pay, sick leave, vacation, and health benefits" with the option to adopt existing county or city policies. *Id.* at r. 605-7.5(2). The Commission is also responsible for developing

4

its own bylaws which are required to include things such as "[t]he manner for financing the commission and its activities and maintaining a budget" and "[t]he manner for appointing, hiring, disciplining, and terminating employees." *Id.* at r. 605-7.3(2)(f); 7.3(2)(j).

The Commission's bylaws address financing in Article IX. Section 3 requires the Commission to establish a trust fund with the County Treasurer to be used to pay the Commission's expenses. WARREN COUNTY EMERGENCY MANAGEMENT COMMISSION BYLAWS, Article IX, § 3. Any expenditures from the Commission's trust fund "shall be made on warrants drawn by the county auditor." *Id.* at § 5. A distinction is to be maintained between Warren County funds and the Commission's funds and any "unencumbered balance in the [Commission's trust] fund shall not revert to the county general revenues." *Id.* at § 4.

Iowa law provides "[t]he name used by the office of the commission shall be (county name) county emergency management agency." IOWA CODE § 29C.9(3). Accordingly, the Commission's bylaws "establish an agency for the conducting and implementation of Commission business. The name of the agency shall be the Warren County Emergency Management Agency." WARREN COUNTY EMERGENCY MANAGEMENT COMMISSION BYLAWS, Article VII § 1. Hereinafter, the Commission and the Agency will be collectively referred to as the Commission.

Joint E911 service boards, like the Warren County E911 Joint Service Board, are established by the Iowa Legislature. IOWA CODE § 34A.3. "The board of supervisors of each county shall maintain a joint E911 service board." *Id.* at § 34A.3(1)(a). Voting membership on the Board is comprised of any political subdivision of the state that has "a public safety agency serving territory within the county." *Id.* at § 34A.3(1)(a)(1). The Board is responsible for developing its own bylaws which are required to include things such as the Board's powers and duties, "[t]he manner for financing activities and maintaining a budget", and "[t]he manner for appointing, hiring, disciplining, and terminating employees." IOWA ADMIN. CODE r. 605-10.3(3)(e), (f), (j).

The Board's bylaws address personnel in Article 8. The Board is empowered to hire the personnel it deems necessary, and employees are covered by the policies and procedures detailed in the Warren County Employee Handbook. "However, no appeal of discipline or termination is permitted to the Warren County Board of Supervisors. The E911 Board is the sole hiring, firing, and disciplinary authority for personnel hired by the Board." WARREN COUNTY E911 BOARD

5

BYLAWS, Article 8.7. The Board's bylaws address financing in Article 7. Importantly, they require the Board to establish an E911 service fund. *Id.* at 7.1. "Funds generated for the purposes of carrying out the function of the E911 board shall be deposited in a separate account in the Warren County Treasurer's office." *Id.* at 7.5. Any funds remaining in the account at the end of a fiscal year are not to revert to the general funds of any of the member political subdivisions. *Id.* at 7.1. Additionally, the Board is required to prepare budgets for each fiscal year. *Id.* at 7.4.

The powers and responsibilities Iowa law gives to the Board and the Commission are "specific enumerate[d] power[s]" that "generally would not be subject to delegation absent a legislative declaration." *Warren Cty. Bd. of Health v. Warren Cty. Bd. of Supervisors*, 654 N.W.2d 910, 914 (Iowa 2002). "As a general rule, a municipal corporation cannot surrender, by contract or otherwise, any of its legislative and governmental functions and powers, including a partial surrender unless authorized by statute." *Id.* at 913 (quotation and citation omitted). However, a governmental subdivision can "delegate its right to perform certain acts and duties necessary to transact and carry out its powers." *Id.* at 914. "These delegable acts typically involve functions that require little judgment or discretion." *Id.*

### B. ADEA and ICRA Claims Against Warren County

Plaintiff alleges that Defendants discriminated against her based on her age in violation of the ADEA and the ICRA. Under the ADEA and the ICRA, employers are prohibited from discriminating based on age with respect to compensation, terms, conditions, or privileges of employment. 29 U.S.C. § 623(a)(1); IOWA CODE § 216.6(1)(a). The ADEA defines an employer as "a person engaged in an industry affecting commerce who has twenty or more employees. . . ." 29 U.S.C. § 630(b). The term "employer" also includes, "(1) any agent of such a person, and (2) a State or political subdivision of a State and any agency or instrumentality of a State or a political subdivision of a State." *Id.* The ICRA differs slightly from the ADEA and is not applicable to "[a]ny employer who regularly employs less than four individuals." IOWA CODE § 216.6(6)(a).[1]

In order for Warren County to be liable under the ADEA, "there must be an employment relationship between the plaintiff and the defendant." *Palmer v. Arkansas Council on Econ.*

---

[1] Aside from differing on the number of employees required to be defined as an employer, "the same analysis applies to age discrimination claims under the ADEA and the ICRA." *King v. United States*, 553 F.3d 1156, 1160 n.3 (8th Cir. 2009). Therefore, Plaintiff's claim under the ICRA is merged into the analysis under the ADEA.

6

*Educ.*, 154 F.3d 892, 895 (8th Cir. 1998) (quoting *Deal v. State Farm Cty. Mut. Ins. Co.*, 5 F.3d 117, 118 n.2 (5th Cir. 1993)). In *Palmer*, the Eighth Circuit Court of Appeals affirmed a district court's grant of summary judgment where the district court had considered the following employment relationship factors: payroll source, provider of benefits, control over job duties and performance, source of materials and facilities used in job performance, determiner of pay and wages, and maker of hiring and firing decisions. Before applying the *Palmer* factors to this case, it is important to recognize that Iowa law specifically states that "[p]ersonnel for the commission, including the coordinator . . . shall be considered as employees of that commission." IOWA ADMIN. CODE r. 605-7.5(1). While recognizing that the ultimate question concerning the existence of an employment relationship under the ADEA is a federal question, the Court gives deference to the state law's designation of Plaintiff as an employee of the Commission.

      Application of the *Palmer* factors with regards to the Commission further demonstrates as a matter of law that no employment relationship existed between Plaintiff, as the Coordinator of the Commission, and Warren County. It is the Commission that establishes employee benefits and makes pay and wage determinations. *Id.* at r. 605-7.5(2). Financing the Commission's activities and maintaining a budget are also within the Commission's powers. *Id.* at r. 605-7.3(2)(f). The Commission's bylaws, adopted pursuant to the Iowa Administrative Code, provide a two part system for control over the job duties and performance of the Commission's employees. *Id.* at r. 605-7.3. The Commission itself appoints the coordinator and assigns the coordinator duties and responsibilities. WARREN COUNTY EMERGENCY MANAGEMENT COMMISSION BYLAWS, Article VIII § 1. In turn, the coordinator is responsible for other agency employees and any discipline associated with their job performance. *Id.* at §2. Iowa law also places the authority to hire and fire employees with the Commission. IOWA ADMIN. CODE r. 605-7.3(j). The only factor in favor of a finding of an employment relationship between Plaintiff and Warren County is the source of materials and facilities used in job performance. Warren County does provide administrative services and facilities to the Commission because the Commission is too small to have its own, stand-alone infrastructure. However, the Commission is able to delegate to Warren County these administrative functions because they "require little judgment or discretion." *Warren Cty. Bd. of Heath v. Warren Cty. Bd. of Supervisors*, 654 N.W.2d 910, 914 (Iowa 2002). The record and Iowa law provide little evidence of an employment relationship

between Plaintiff and Warren County, and instead firmly show that Plaintiff was an employee of the Commission, not Warren County. *See also* Iowa Op. Atty. Gen. 2000 WL 1576493, at *2 ("[Iowa Code] Chapter 29C clearly places control of local emergency management with local emergency management commissions. . . .We therefore conclude that county supervisors cannot place a local emergency management commission under the control of the county sheriff or any other county office.").

Similarly, Plaintiff claims that Warren County was her employer while she was Director of the Board, but again the *Palmer* factors fail to demonstrate any employment relationship between Plaintiff and Warren County. Financing the Board's activities and maintaining a budget are within the Board's powers. IOWA ADMIN. CODE r. 605-10.3(3)(f). The Board is the payroll source for employees, as provided in the Board's Bylaws: "[t]he decision to employ and the method of financing the cost and expenses of such employment shall be subject to a simple majority vote of the voting membership." WARREN COUNTY E911 BOARD BYLAWS, Article 8.7. The Board is the maker of hiring and firing decisions, and it is also in control of discipline and job performance. IOWA ADMIN. CODE r. 605-10.3(3)(j). Furthermore, "no appeal of discipline or termination is permitted to the Warren County Board of Supervisors." BOARD BYLAWS, Article 8.7. Like the Commission, the Board has too few employees to justify its own administrative infrastructure and therefore it shares administrative services and facilities with Warren County. Consideration of the *Palmer* factors overwhelming leads to the conclusion that an employment relationship did not exist between Plaintiff, as Director of the Board, and Warren County. *See also* 1992 Iowa Op. Atty. Gen. 139, at *3 (concluding "that the joint 911 service board is an independent and autonomous board"). Therefore, because no employment relationship existed between Warren County and the Plaintiff in her roles with the Commission and the Board, Warren County cannot be liable under the ADEA or the ICRA.

**C. Title VII and ICRA Claims Against Warren County**

Plaintiff alleges that Defendants discriminated against her based on her sex in violation of Title VII and the ICRA. Under Title VII and the ICRA, employers are prohibited from discriminating based on sex with respect to compensation, terms, conditions, or privileges of employment. 42 U.S.C. § 2000e–2(a)(1); IOWA CODE § 216.6(1)(a). Title VII defines an employer as "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or

preceding calendar year, and any agent of such a person. . . ." 42 U.S.C. §2000e(b). "Person" is defined as including "one or more individuals, governments, governmental agencies, political subdivisions. . . ." *Id.* at § 2000e(a). The ICRA differs slightly from Title VII and is not applicable to "[a]ny employer who regularly employs less than four individuals." IOWA CODE § 216.6(6)(a).[2]

Plaintiff has asserted that Warren County is liable under Title VII and the ICRA under a joint or integrated employer theory, also known as a single employer theory. To determine whether Warren County can be treated as a single employer with the Commission and the Board, the appropriate test is the four factor analysis set forth in *Baker v. Stuart Broadcasting Co.*, 560 F.2d 389 (8th Cir. 1977). The four factors are: "(1) interrelation of operations, (2) common management, (3) centralized control of labor relations; and (4) common ownership or financial control." *Id.* at 392. The *Baker* test, like the *Palmer* factors used in the ADEA analysis, focuses on control. While the *Baker* test is the proper test to determine possible single employer status between governmental entities, its application in this context is not as directly on point as it is in the context of private entities.[3] In a similar case in the Northern District of Iowa, the Court stated,

> In the present circumstances, not all of the factors identified above are applicable to the relationship between several counties and the multi-county facility they created to perform certain services. However, the court concludes that the central features of the inquiries described above, control of employment decisions and environment, and domination of operations, are relevant to the present inquiry.

*Chester v. Northwest Iowa Youth Emergency Servs. Ctr.*, 869 F.Supp. 700, 718 (N.D. Iowa 1994). Therefore, the Court's primary focus is on the interrelation of the operations of Warren County and the Commission and the Board, as well as the source of control for the Commission

---

[2] Aside from differing on the number of employees required to be defined as an employer, largely the same analysis applies to age discrimination claims under Title VII and the ICRA because the "ICRA was modeled after Title VII" and "Iowa courts therefore traditionally turn to federal law for guidance in evaluating the ICRA." *Vivian v. Madison*, 601 N.W.2d 872, 873 (Iowa 1999). Plaintiff's claim under the ICRA is merged into the analysis under Title VII.

[3] Other Circuit Courts of Appeals have found that the "single employer" aggregation test, such as the one laid out in *Baker v. Stuart Broadcasting Co.*, is only appropriate for cases where the employers are private entities and not governmental entities. *See Lyes v. City of Riviera Beach, Fla.*, 166 F.3d 1332, 1342–44 (11th Cir. 1999). However, the Eighth Circuit Court of Appeals has held that the *Baker* "single employer" test is correctly applied to cases where the employers are governmental entities. See *Massey v. Emergency Assistance, Inc.*, 724 F.2d 690, 691 (8th Cir. 1984).

and the Board.

As demonstrated in the ADEA analysis above, Iowa law reposes in the Commission the power to (1) appoint, hire, fire, and discipline employees, (2) determine personnel policies, (3) set rate of pay and establish employee benefits, and (4) finance the Commission and maintain a budget. IOWA ADMIN. CODE r. 605-7.3(2)(f)(j); 7.5(2). Likewise, Iowa law reposes in the Board the power to appoint, hire, fire, and discipline employees along with the power to finance the Board and maintain a budget. IOWA ADMIN. CODE r. 605-10.3(3)(f), (j). The powers vested in the Commission and the Board exemplify a separate, rather than common, management scheme with Warren County. The Commission and the Board's authority over personnel and employment decisions also fails to demonstrate any centralized control of labor relations with Warren County. Finally, through its financing and budgeting powers, it is the Commission and the Board, not Warren County, which maintain financial control. The only factor leaning towards a finding of single employer status with Warren County is the interrelation of operations. Warren County is certainly involved in the operation of the Commission and the Board as it provides facilities as well as technical support services to both. But while Warren County aides the Commission and the Board with administrative services due to its small size, this does not provide Warren County with any discretion or power regarding the operations of either. Because the *Baker* factors overwhelming disfavor a finding of single employer status between Warren County and the Commission and the Board, the Court concludes the number of Warren County employees cannot be aggregated with the number of Commission or Board employees to meet Title VII's numerosity requirement. Therefore, Warren County is not liable under Title VII or the ICRA.

**D. ADA and ICRA Claims Against Warren County**

Plaintiff alleges that Defendants discriminated against her based on her disability and perceived disability in violation of the ADA and the ICRA. Under the ADA and the ICRA, employers are prohibited from discriminating against any qualified individual with a disability on the basis of that disability. 42 U.S.C. §§ 12101, 12111; IOWA CODE § 216.6(1)(a). The ADA defines an employer as "a person engaged in an industry affecting commerce who has 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year, and any agent of such person." 42 U.S.C. § 12111(5)(A). "Person" is defined as including "one or more individuals, governments, governmental agencies, political subdivisions. . . ." 42 U.S.C. §§ 12111(7), 2000e(a). The ICRA differs slightly from the ADA

10

and is not applicable to "[a]ny employer who regularly employs less than four individuals." IOWA CODE § 216.6(6)(a).[4]

Similar to claims brought under Title VII, the Eighth Circuit applies the *Baker* test in ADA cases to determine whether to treat two entities as a single employer. *Bradley v. Monarch Construction, Inc.*, 35 Fed.Appx. 420, 421 (8th Cir. 2002) (unpublished); *see also Fish v. Ristvedt*, 192 F.Supp.2d 1024, 1028–1029 (D.N.D. 2002). Because the test is the same, the Title VII analysis found above applies equally to Plaintiff's ADA claim. Therefore, the number of Warren County employees cannot be aggregated with the number of employees of the Commission or the Board to meet the ADA's numerosity requirement, and Warren County is not liable under the ADA or the ICRA.

### E. Plaintiff's Discovery Request

In part, Plaintiff resisted Defendants' motion for summary judgment claiming that additional discovery was needed to fully resist the motion pursuant to Federal Rule of Civil Procedure 56(d). Many of Plaintiff's responses to Defendants' statements of undisputed material facts stated: "Plaintiff denies due to lack of information because Plaintiff has not be able to conduct discovery on the matter." [Dkt. No. 35-2]. In support of Plaintiff's resistance and request for additional discovery, Plaintiff submitted an affidavit of counsel identifying the information and issues on which discovery was needed. [Dkt. No. 35-4]. Because the autonomy of the Commission and the Board is clear as a matter of law, discovery is unnecessary as to Warren County. While the Court is able to decide the claims against Warren County as a matter of law, the claims regarding the other Defendants involve facts that Plaintiff should be given the opportunity to discover. Specifically, resolution of the claims against the Commission and the Board center on the number of people employed by each entity during the pertinent time period and the Court grants Plaintiff 60 days to discover this information.

### IV. CONCLUSION

Warren County is not liable on Plaintiff's claims under the ADEA, the ADA, the ICRA, or Title VII. Ruling is reserved on the remainder of Defendants' motion pending the completion of the 60 day discovery period and on any further factual presentation the Plaintiff desires to make.

---

[4] Aside from differing on the number of employees required to be defined as an employer, the Court "appl[ies] the same analysis to claims of disability discrimination under the ADA and the ICRA." *Tusing v. Des Moines Independent Cmty Sch. Dist.*, 639 F.3d 507, 518 (8th Cir. 2011). Therefore, Plaintiff's claim under the ICRA is merged into the analysis under the ADEA.

Upon the foregoing,

**IT IS ORDERED** that Defendant's motion for summary judgment is **GRANTED** in part and Plaintiff's claims against Warren County are dismissed. Plaintiff's request for discovery is **GRANTED** for a 60 day period. Discovery shall be completed by November 27, 2015. Magistrate Judge Celeste Bremer will convene a conference to determine the parameters for discovery.

**DATED** this 28th day of September, 2015.

_____
JOHN A. JARVEY, Chief Judge
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA